IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
SOUTHERN DIVISION

| | |
|---|---|
| SHAWN A. CRUTCHER, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. _____ |
| § | Jury Demanded |
| RANDSTAD TECHNOLOGIES, also § | |
| known as SPHERION, § | |
| § | |
| Defendant. § | |

### PLAINTIFF, SHAWN A. CRUTCHER'S, ORIGINAL COMPLAINT
### AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Shawn A. Crutcher, hereinafter called Plaintiff, complaining of and about Randstad Technologies, also known as Spherion, ("Randstad") hereinafter called Defendant, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff Shawn A. Crutcher, is a citizen of the United States and the State of Texas and resides in Harris County, Texas.

2. Defendant Randstad Technologies, may be served by serving the registered agent of the corporation, Corporation Service Company, at 211 E. 7th Street, Suite #620, Austin, Texas 78701, its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

### JURISDICTION

3. The action arises under a violation of Title VII of the Civil Rights Act of 1964 as hereinafter more fully appears.

1

4. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

5. This is an action under Title 42 U.S.C. Section 2000e et. seq. and 42 U.S.C. Section 1981 as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, color, hostile work environment and retaliation.

## CONDITIONS PRECEDENT

6. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

7. Mr. Crutcher ("Plaintiff") was employed by Randstad from approximately July 19, 1999 until May 2, 2011, when Randstad terminated his employment. Plaintiff worked as an IT Recruiter and was later promoted to the position of Senior IT Recruiter. Randstad alleges, as its justification for terminating Plaintiff, his failure to return to work after the expiration of his medical leave.

During his employment with Randstad, Plaintiff was an exemplary employee and one of the company's top recruiters. Plaintiff thrived in a work environment that was collegial and productive, and earned the praise and respect of many of his colleagues. Among his clients he was considered an invaluable asset; he earned a reputation as a recruiter who sincerely hustled for his clients. Plaintiff's daily work experience and, indeed, the whole tenor of the office environment, changed substantially and deleteriously with the appointment of Eric Lambert as Branch Manager in 2010.

Almost immediately, Mr. Lambert began to target Plaintiff on the basis of the latter's race. Mr. Lambert's behavior toward Plaintiff was not merely unprofessional, but outright degrading. For instance, on March 29, 2010, during a work-related discussion, Mr. Lambert began shouting at Plaintiff (which would later prove to be a common occurrence) and <u>even spit in Plaintiff's face.</u> A co-worker, John Wooden, witnessed this horrific incident. Moreover, Plaintiff's professional achievements at Randstad would, perversely, provoke the ire of Mr. Lambert. Mr. Lambert made it abundantly clear that he resented Plaintiff's successes. On one occasion, Mr. Lambert severely reprimanded Plaintiff when one of the latter's recruits was placed in lieu of his own. In addition, Mr. Lambert also mocked Plaintiff for taking Martin Luther King Day off. Furthermore, numerous employees overheard Mr. Lambert lamenting in his office that there were too many colored people representing the company.

Because of Mr. Lambert's discriminatory harassment, Plaintiff complained to Patrick Fabry on February 5, 2011. Human Resources launched an investigation, but failed to take any corrective action against Mr. Lambert because "no other employees … had any complaints about Mr. Lambert or his management style." As a result of the investigation, however, Plaintiff was placed under the supervision of Mr. Wooden, who had been promoted to manager in the interim. Unfortunately, Mr. Lambert would not be deterred from targeting Plaintiff; as retaliation for the HR investigation, Mr. Lambert escalated his illegal and differential treatment and even drafted Mr. Wooden's assistance.

As part of a concerted effort to terminate Plaintiff's employment, Mr. Lambert directed Mr. Wooden to place Plaintiff on a "Performance Improvement Plan" (PIP). In doing so, Mr. Wooden noted that Plaintiff was performing below standards. Yet, despite the fact that other Randstad recruiters also failed to meet performance objectives, Plaintiff was the sole employee placed on a PIP. After ordering the placement of Plaintiff on a PIP – probation, in effect – Mr. Lambert's next move was to restrict the former's employment activities. Specifically, Mr. Lambert directed Mr. Wooden to prohibit Plaintiff from recruiting for temporary positions. No other Randstad recruiter had ever been subject to such a crippling and nonsensical prohibition. Thenceforward, pursuant to Mr. Lambert's direction, Plaintiff's employment activities would be limited to recruiting for permanent positions, which take much longer to close. Mr. Lambert was well aware that such a restriction upon Plaintiff's employment

activities would significantly impede the latter's earnings and, more vitally, his ability to meet the performance standards mandated in the PIP.  In light of Plaintiff's placement on a PIP, Mr. Lambert's restriction of Plaintiff's employment activities was effectively a professional death sentence.  Through the imposition of insurmountable encumbrances, Mr. Lambert – with Mr. Wooden's assistance – intended to and did in fact deprive Plaintiff of his livelihood.

## RACE AND COLOR DISCRIMINATION

8. Defendant, and its employee Eric Lambert, intentionally engaged in unlawful employment practices involving Plaintiff because of his race and color.

9. Defendant, and its employee Eric Lambert, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's race and color in violation of 42 U.S.C. Section 2000e (2)(a).

10. Defendant, and its employee Eric Lambert, classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to other non-African American employees similarly situated in violation of 42 U.S.C. Section 2000e (2)(a).

11. The unlawful employment practices of Defendant and Eric Lambert, specifically discrimination, had a disparate and adverse impact on Plaintiff because of his race and color. Such employment practices were not job-related and were not consistent with business necessity.

12. Plaintiff alleges that Defendant and Eric Lambert, discriminated against Plaintiff on the basis of race and color with malice or with reckless indifference to the federal-protected rights of Plaintiff.

13. Defendant and Eric Lambert, also violated Plaintiff's rights under 42 U.S.C. Section 1981.

## WRONGFUL DISCHARGE

14.     Randstad made the working conditions so intolerable that Plaintiff was put on total disability.  While knowingly on total disability, Defendant terminated Plaintiff's employment.  Plaintiff suffered damages for which Plaintiff herein sues.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

15.     Eric Lambert, as an employee of Randstad, intentionally or recklessly injured the Plaintiff.  Defendant's conduct was extreme and outrageous and proximately caused Plaintiff severe emotional distress.  Plaintiff suffered damages for which Plaintiff herein sues.

## NEGLIGENT SUPERVISION
## OF ERIC LAMBERT

16.     Plaintiff alleges that the conduct of Randstad constituted negligent supervision.  Plaintiff alleges that Randstad did not properly screen, evaluate, investigate, or take any reasonable steps to determine whether Eric Lambert was unfit, incompetent, or a danger to third parties.  Randstad knew or should have known that Eric Lambert was unfit and could foresee that Eric Lambert's discriminatory views would injure Plaintiff, creating a risk of danger to Plaintiff.  Randstad's failure to exercise reasonable care in the supervision of Eric Lambert was the proximate cause of damages to Plaintiff for which Plaintiff hereby sues.

## RETALIATION

17.     Plaintiff alleges that Eric Lambert instituted a campaign of retaliation.  This retaliation was and is due to Plaintiff exercising his rights by making a charge to Randstad's Human Resources Department.  Plaintiff suffered damages for which Plaintiff herein sues.

## DAMAGES

18.     Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

  a. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

  b. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

  c. All reasonable and necessary costs incurred in pursuit of this suit;

  d. Emotional pain;

  e. Expert fees as the Court deems appropriate;

  f. Inconvenience;

  g. Loss of enjoyment of life;

  h. Mental anguish in the past;

  i. Mental anguish in the future;

  j. Loss of earnings in the past;

  k. Loss of earning capacity which will, in all probability, be incurred in the future; and

  l. Loss of benefits.

## EXEMPLARY DAMAGES

19. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Shawn A. Crutcher, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: _____/s/ Ronald Cohen_____
Ronald Cohen
Attorney-in-Charge
Texas Bar No. [04509010
Southern District Bar No:  11726
201 South Eleventh Street
Richmond, Texas  77469
Tel. (281)342-3321
Fax. (281)341-8458
E-Mail: ronco550@hotmail.com
Attorney for Plaintiff
Shawn A. Crutcher

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**